ALBERT E. FRENCH v. DANIEL O'CONNOR.

*Evidence—Cross-examination.*

An architect suing for the value of some plans showed that he had delivered them, at defendant's request, to a third person who swore that defendant had sent him after them. *Held* that on the cross-examination of this witness, the question whether defendant had not demanded the plans of him and he had refused on the ground that he owned them, was properly excluded as neither impeaching nor tending to show as against the plaintiff, that he had really bought the plans.

Error to Wayne. Submitted June 12. Decided June 18.

ASSUMPSIT. Plaintiff brings error.

*S. E. Engle* for plaintiff in error.

*G. X. M. Collier* for defendant in error.

GRAVES, J. French recovered before a justice upon the common counts for services in making plans and drawings as an architect, and the court below reversed the judgment on certiorari, and French complains of it.

The reversal seems to have been caused by a ruling of the justice against a question put by O'Connor on cross-examination of one Brown, who was a witness on the part of French. There was evidence on the part of French, tending to show that Brown, who was

a builder, informed French that O'Connor, a livery-stable keeper, proposed to make alterations in his barn and desired him to look at it. That French called and was told by O'Connor what changes were intended and helped to make measurements, etc. That O'Connor told him to give the plans to Brown when finished and sent for. That they were worth $12, and when finished were called for by Brown to whom they were delivered. That he, French, called on O'Connor to make payment, and the latter proposed to pay him $5, but did not do so and wished to make payment in livery. That the bill was afterwards presented to O'Connor for payment but not paid, and that O'Connor observed that he would call and see French.

Brown having sworn that O'Connor sent him after French and after the plans when finished, was asked on cross-examination whether O'Connor did not demand the plans of him, and whether he did not refuse upon the ground that he owned them, and the exclusion of this question is the ruling on which the circuit court reversed the judgment.

The object of the inquiry was explained as being to test the veracity of Brown, and also to prove that he had purchased and paid for the plans referred to. The court is unable to see the pertinency of the question for either purpose. No responsive answer would conflict with anything Brown had sworn to or reach his credit, or tend to make out anything inconsistent with French's claim. An affirmative answer would have been nothing more than a sworn admission that he had previously stated to O'Connor the supposed matter, and not a positive statement on oath of the actual existence of a right in himself. It could have had no greater force against French than the oath of some other person would have had of what Brown had told to O'Connor. And as an assertion by Brown to the latter, whether proved in one way or another, it could not affect at all the controversy between French and O'Connor. We think

the justice committed no mistake, and that the court below erred in reversing the judgment.

The judgment of the circuit court should be reversed with costs.

The other Justices concurred.